IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CECILIA K. GALLOWAY,<br>   *Plaintiff,*<br><br>v.<br><br><br>COMMUNITY SUPERVISION AND<br>CORRECTIONS DEPARTMENT (CSCD)<br>for the 84TH and 316TH Judicial Districts<br>also known as Hutchinson County, Texas<br>CSCD<br>   *Defendants.* | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO.2:09-cv-00094-J-BB<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT 84th/316th JUDICIAL DISTRICT COMMUNITY SUPERVISION
AND CORRECTIONS DEPARTMENT'S BRIEF IN SUPPORT OF MOTION TO
DISMISS**

TO THE HONORABLE U. S. DISTRICT JUDGE MARY LOU ROBINSON:

NOW COMES Defendant 84th/316th Judicial District Community Supervision and Corrections Department ("CSCD") and files this its Brief in Support of Motion to Dismiss under Federal Rule 12(b)(1) and 12(b)(6).

**I.  Introduction**

Plaintiff has sued CSCD for employment discrimination after CSCD allegedly rejected her application for employment as a Community Supervision Officer (Adult Probabion) based solely on her disability or perceived disability.  Specifically, Plaintiff alleges she is bound to a wheelchair and was subjected to an improper disability-related inquiry during the pre-employment process as to how she became disabled, the severity of her disability, and whether she could perform the duties of the job with or without assistance.  (Plaintiff's

complaint, ¶¶15-20). For the reasons that follow, Plaintiff's claims against Defendant CSCD should be dismissed without further hearing for lack of jurisdiction and because the Plaintiff has failed to state a claim upon which relief can be granted.[1]  FED. R. CIV. P. 12b(1), (6).

## II. Arguments and Authorities

**A.     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). An Eleventh Amendment sovereign immunity defense challenges a court's subject-matter jurisdiction. *Fan v. Brewer*, 2009 WL 1743824, at * 4 (S.D. Tex. June 17, 2009). "A federal court does not have subject-matter jurisdiction to hear claims that are barred by the Eleventh Amendment." *Id.*

**        1.     ADA Claim**

        This Court is without jurisdiction over Plaintiff's employment discrimination claim against Defendant CSCD under Titles I and II of the Americans with Disabilities Act ("ADA"). (Plaintiff's complaint, ¶¶21-44). Defendant CSCD is an instrumentality of the State of Texas that has not consented to Plaintiff's suit. *De Santiago v. West Tex. CSCD,* 203 S.W.3d 387, (Tex. App.—El Paso 2006, no pet.) ("we conclude that a CSCD is a state instrumentality"). Plaintiff's employment discrimination claim against a state instrumentality

---

[1] The grounds for dismissal contained in this motion are not exclusive. Defendant CSCD further intends to move to dismiss Plaintiff's claims based on grounds that will be supported by evidence in a later motion to dismiss or motion for summary judgment, if necessary. For example, Defendant intends to show the Court that it employs and has at all relevant times employed fewer than the statutorily required 15 employees necessary under federal law. Furthermore, Defendant intends to show the Court that, contrary to Plaintiff's pleadings, it has never received any federal financial assistance.

under Titles I and II of the ADA is barred by the Eleventh Amendment.[2] *See Perez v. Region 20*, 307 F.3d 318, 326 (5th Cir. 2002); *Caldwell v. Dallas County Sheriff*, 2006 WL 298128, *2 (N.D. Tex. 2006); *Espinoza v. Tex. Dept. Of Public Safety*, 2002 WL 31191347, *3 (N.D. Tex. 2002). Accordingly, Plaintiff's employment discrimination claim under Titles I and II of the Americans with Disabilities Act ("ADA") must be dismissed for lack of jurisdiction.

### 2. Intentional and/or Negligent Infliction of Emotional Distress

This Court is without jurisdiction over Plaintiff's common-law claim of intentional and/or negligent infliction of emotional distress. (Plaintiff's complaint, ¶¶53-56). There is no cause of action for negligent infliction of emotional distress in Texas. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993); *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). Further, Plaintiff's state tort claim for intentional infliction of emotional distress is barred by sovereign immunity. *See Torres v. County of Webb*, 150 Fed. Appx.286, 290 (5th Cir. 2005). Moreover, "the Fifth Circuit has held that under Texas law the broad range of conduct encompassing mere employment disputes cannot support a claim for intentional infliction of emotional distress." *Kipp v. LTV Aerospace and Defense*, 838 F.Supp. 289, 293

---

[2] Moreover, Plaintiff cannot transform a claim of employment discrimination into an alleged violation of Title II of the ADA, dealing with "services, programs, or activities of a public entity," as Title I of the ADA expressly deals with that subject. *See Bd. Of Trustees of Univ. Of Alabama v. Garrett,* 531 U.S. 356, fn.1 (2001) (calling into doubt whether Title II of the ADA is available for claims of employment discrimination, but not reaching a decision on those grounds); *see also Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"). Here, Plaintiff's complaint fails to allege any "service, program, or activity" from which she was excluded—only that the Defendant decided not to hire her to the position for which she applied. Thus, Plaintiff has failed to include factual allegations related to her Title II claim that when assumed to be true "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

(N.D. Tex. 1993); *see also Turner v. St. Luke's Episcopal Health Sys.*, 2008 WL 706709, at *18 (S.D. Tex. Mar. 14, 2008) (concluding that the plaintiff had not stated a claim for intentional infliction of emotional distress because it was "based on the same underlying conduct as her Title VII claims"); *Womack v. FedEx Kinko's Office and Print Servs., Inc.*, 2008 WL 4461993, at *12 (S.D. Tex. Sept. 26, 2008) ("Womack may not assert an intentional infliction of emotional distress claim as it is based on the same underlying conduct as her Title VII claims"); *Brandon v. Life Care Ctrs. of Am.*, 2006 WL 581798, at *2 (S.D. Tex. Mar. 8, 2006) ("Because Plaintiff's tort claim for intentional infliction of emotional distress and her Title VII claims arise from related factual allegations of racially motivated conduct, her intentional infliction of emotional distress claim cannot survive"). Accordingly, Plaintiff's state tort claim for intentional and/or negligent infliction of emotional distress must be dismissed for lack of jurisdiction.

**B.   Rule 12(b)(6)**

In addition, Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." *See* FED. R. CIV. P. 12(b)(6). A "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do' . . . ." *Golden v. Austin County Sheriff's Dep't*, 2009 WL 1835448 (S.D. Tex. June 26, 2009) (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, at *12. "To survive a Rule 12(b)(6) motion to dismiss, a complaint

'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Golden*, at *2 (citing *Twombly*, 550 U.S. at 555).

### 1. Rehabilitation Act Claim

Plaintiff alleges a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], which protects participants in or beneficiaries of programs or activities conducted by an executive agency receiving federal financial assistance. (Plaintiff's complaint, ¶47). However, Plaintiff has failed to include factual allegations related to her Rehabilitation Act claim that when assumed to be true "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. In particular, Plaintiff has failed to allege that she is a participant in or an intended beneficiary of the federal funding for community justice programs provided by CSCD (even if we are to assume based on the face of the plaintiff's pleadings that these programs receive any federal funding, which they do not), or that the alleged discriminatory employment practices directed at her affected any participants in of beneficiaries of federal financial assistance—only that the Defendant rejected her application for employment. *See Miller v. Abilene Christian Univ. Of Dallas,* 517 F.Supp. 437, 439 (N.D. Tex. 1981) (dismissing plaintiff's Rehabilitation Act claim for allegedly unlawful discharge where plaintiff did not allege that he was a beneficiary of or a participant in a federally funded program or activity, or that the alleged discrimination was in connection with that program or activity). Further, "handicapped persons cannot bring private claims

for employment discrimination under Section 504 [of the Rehabilitation Act] unless a primary objective of the federal assistance is to provide employment." *Id.* Accordingly, Plaintiff has not adequately pleaded a claim under the Rehabilitation Act against CSCD, and it must be dismissed for failure to state a claim.

### 2. Punitive Damages

Finally, neither federal nor Texas law authorizes the recovery of punitive damages against governments, government agencies, and political subdivisions. *See* 42 U.S.C. § 1981a(b)(1); TEX. CIV. PRAC. & REM. CODE § 101.024; *Liner v. Hospital Service District No. 1.,* 230 Fed. Appx. 361, 365 (5th Cir. 2007); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458 (5th Cir. 2001). Accordingly, this Court must dismiss Plaintiff's punitive damages claim for failure to state a claim.

### III. Conclusion

For the reasons stated above, Defendant CSCD prays that this Court dismiss Plaintiff's suit with prejudice for lack of jurisdiction and because the Plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12b(1), (6).

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    C. ANDREW WEBER
    First Assistant Attorney General

    DAVID S. MORALES
    Deputy Attorney General for

Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Marc Rietvelt
MARC RIETVELT
Attorney-in-Charge
Texas Bar No. 24043892
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was sent via ECF, on August 31, 2009 to:

Denette Vaughn
Advocacy Inc
1001 Main St Suite 300
Lubbock, Tx 76401


/s/ Marc Rietvelt
MARC RIETVELT
Assistant Attorney General